NO. 07-10-0257-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 JUNE 1, 2011

 OLIVIA REYES TIENDA, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2009-422,182; HONORABLE CECIL G. PURYEAR, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Following a jury trial, Appellant, Olivia Reyes Tienda, was
convicted of credit card abuse,[1] a state jail felony, and sentenced
to two years confinement. In a single issue, Appellant asserts the
trial court erred in admitting her written statement to law
enforcement into evidence at trial without redacting two statements
pursuant to Rule 403 of the Texas Rules of Evidence.[2] We affirm.

 Background

 In January 2009, a Lubbock County Grand Jury returned an
indictment alleging that, on or about November 20, 2008, Appellant
presented an American Express credit card to David Miller,[3] with
intent to fraudulently obtain a benefit, knowing that the credit card
had not been issued to her, and with knowledge that the card was being
used without the effective consent of the cardholder, Martha Van
Zandt.

 In a two day trial, the jury heard evidence from two Target
employees, Van Zandt, and three police officers. The evidence showed
that, on November 20, 2008, Appellant attempted to purchase more than
$3,600 worth of electronic goods at Target using an American Express
credit card issued to Van Zandt. When the card was declined, the
cashier sought assistance from Jason Vasquez, a Target supervisor.
Vasquez continued to swipe the card and it continued to be declined.
As he was doing so, persons accompanying Appellant took two carts
loaded with electronic goods to their car to load. Vasquez informed
Appellant the goods would have to be returned and he then asked Miller
to assist him.

 Miller proceeded to the front of the store and observed two cars
pull up to the store's entrance. The occupants got out of the cars
and began unloading the merchandise into carts. Miller took the
merchandise into the store and later determined that electronic goods
worth approximately $390 were missing. The entire transaction was
videotaped and Appellant was identified by several witnesses as the
person attempting to use the American Express credit card.

 In November 2008, Van Zandt, age seventy-seven, had recently
undergone hip surgery. She sought a housekeeper and found Appellant
through the newspaper. Thereafter, Appellant cleaned her house three
or four times. When a Target representative called asking whether she
had given permission to anyone to use her American Express credit
card, she told them, "No." She testified that Appellant was the only
one, other than her husband, to have access to her bedroom where she
kept the credit card in her dresser drawer.

 During the testimony of Detective Tammie McDonald, over
Appellant's objection, the State introduced Appellant's written
statement given on December 10, 2008. Specifically, Appellant sought
to redact two statements: "I know with my background I may not have a
leg to stand on, but I am innocent," and "People have not judged me
for my background." Her attorney argued that the word "background"
injected "some possibility of bad conduct or misconduct or an
implication of something," and sought redaction under Rules 404(b),
402 and 401 of the Texas Rules of Evidence. The trial court overruled
Appellant's objection and admitted the entire statement.

 Thereafter, the jury convicted Appellant and the trial court
sentenced her to two years confinement. This appeal followed.

 Discussion

 Appellant asserts the trial court erred because it failed to
redact portions of her written statement to law enforcement because
the statements "injected some possibility of bad conduct or misconduct
or an implication of something." Further, Appellant contends the
statements were irrelevant and any probative value was substantially
outweighed by the danger of unfair prejudice and confusion of the
issues.[4]

 To obtain reversal of a conviction based on an alleged error in
the admission of evidence, an appellant must show that the trial
court's ruling was in error and that the error harmed the appellant,
i.e., that it affected his or her substantial rights. See Tex. R.
App. P. 44.2(b); Ladd v. State, 3 S.W.3d 547, 568 (Tex.Crim.App.
1999), cert. denied, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487
(2000). In assessing harm, an appellate court considers everything in
the record, including testimonial and physical evidence admitted for
the jury's consideration, the nature of the evidence supporting the
verdict, and the character of the alleged error and how it might be
considered in connection with other evidence in the case. Motilla v.
State, 78 S.W.3d 352, 355 (Tex.Crim.App. 2002) (citing Morales v.
State, 32 S.W.3d 862, 867 (Tex.Crim.App. 2000)).

 Having reviewed the entire record and summarized the evidence at
trial above, we are confident that even if the trial court's admission
of the statements was error, the admission of that evidence did not
have a substantial or injurious influence on the jury's decision to
convict her of credit card abuse. See Tex. R. App. P. 44.2(b);
Solomon v. State, 49 S.W.3d 356, 365 (Tex.Crim.App. 2001) ("We have
determined that substantial rights are not affected by the erroneous
admission of evidence if the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence
the jury, or had but a slight effect.") See also King v. State, 953
S.W.2d 266, 271 (Tex.Crim.App. 1997) (disregarding the erroneous
admission of evidence if that evidence did not have a substantial or
injurious influence on the jury's decision). Accordingly, Appellant's
single issue is overruled.

 Conclusion

 The trial court's judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.

-----------------------
[1]See Tex. Penal Code Ann. § 32.31 (West 2003).

[2]In this proceeding, the State did not file a brief nor request
additional time to do so. Accordingly, we have conducted an
independent analysis of the merits of Appellant's claim of error,
limited to the arguments raised at trial by the State, to determine if
there was error. See Little v. State, 246 S.W.3d 391, 397-98
(Tex.App.--Amarillo 2008, no pet.). The decision to independently
review the merits of Appellant's issue should not be construed as
approval of the State's failure to file a brief. See Tex. Code Crim.
Proc. Ann. art. 2.01 (West 2005) ("Each district attorney shall
represent the State in all criminal cases in the district courts of
his district and appeals therefrom . . . .)

[3]Miller testified that he was the asset protection manager at a
Target store where the events the subject of this case occurred.

[4]Although Appellant's objection at trial was limited to relevancy
under Rules 401 and 402 and character evidence generally under Rule
404, in the interest of justice, we will consider Appellant's argument
that, although the evidence may have been relevant, its probative
value was substantially outweighed by the danger of unfair prejudice
under Rule 403. See Tex. R. Evid. 401, 402, 403, 404.